24-1281
*Knight v. IBM*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand twenty-five.

Present:
        SUSAN L. CARNEY,
        MICHAEL H. PARK,
        MARIA ARAÚJO KAHN,
           *Circuit Judges.*

---

JOSHUA KNIGHT, MICHAEL CAMPBELL, ERNEST FABRIZIO,

        *Plaintiffs-Appellants*,

      v.                    24-1281

IBM PERSONAL PENSION PLAN, THE PLAN ADMINISTRATOR COMMITTEE, INTERNATIONAL BUSINESS MACHINES CORPORATION,

        *Defendants-Appellees.*[*]

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

CERTIFIED COPY ISSUED ON 04/03/2025

FOR PLAINTIFFS-APPELLANTS: COLLEEN R. SMITH, Stris & Maher LLP, Washington, D.C.; *with* Peter K Stris & Rachana Pathak, Stris & Maher LLP, Los Angeles, C.A.; Michelle C. Yau, Cohen Milstein Sellers & Toll PLLC, Washington, D.C.; Jacob Schutz, Cohen Milstein Sellers & Toll PLLC, Minneapolis, M.N.; *on the brief*.

FOR DEFENDANTS-APPELLEES: TRACI L. LOVITT, Jones Day, New York, N.Y.; *with* David T. Raimer & Caleb P. Redmond, Jones Day, Washington, D.C.; Robert S. Newman, Covington & Burling LLP, Washington, D.C.; *on the brief*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED**.

Plaintiffs-Appellants Joshua Knight, Michael Campbell, and Ernest Fabrizio appeal from the district court's dismissal of their ERISA claims against Defendants-Appellees International Business Machines Corporation, IBM Personal Pension Plan, and the Plan Administrator Committee (collectively, "IBM") as untimely. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Testa v. Becker*, 910 F.3d 677, 682 (2d Cir. 2018). "[W]hen a defendant raises a statutory bar, such as lack of timeliness, as an affirmative defense," dismissal is appropriate only if it is clear on the face of the complaint, and from the documents properly incorporated therein, that the plaintiff's claims are barred as a matter of law. *Sewell v. Bernardin*,

2

795 F.3d 337, 339 (2d Cir. 2015) (quotation marks omitted); *see DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d. Cir. 2010). "[I]f material is not integral to or otherwise incorporated in the complaint, it may not be considered unless the motion to dismiss is converted to a motion for summary judgment and all parties are 'given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Nicosia v. Amazon.com, Inc*., 834 F.3d 220, 231 (2d Cir. 2016) (quoting Fed. R. Civ. P. 12(d)).

Here, the district court decided that Plaintiffs' claims accrued on the date when each Plaintiff received a pension projection statement from IBM. Those dates were not pled in the complaint, but the complaint incorporated the pension projection statements by reference, and each statement had a date listed on the first page. Using those dates as the dates when Plaintiffs' claims accrued, the district court found Plaintiffs' claims untimely.

The district court was permitted to find that the pension projection statements were incorporated by reference, but it erred in relying on the accuracy of the dates in those statements without providing the parties with the opportunity to submit additional materials. *See DiFolco*, 622 F.3d at 111 (quoting *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006)). "[I]n cases where the plaintiff . . . incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true" at the motion to dismiss stage. *Pearson v. Gesner*, 125 F.4th 400, 407 (2d Cir. 2025) (quotation marks omitted). So the better course would have been for the district court to "convert the motion to one for summary judgment" and allow the parties an opportunity "to conduct appropriate discovery and submit the additional

supporting material contemplated by Rule 56." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002).

For the foregoing reasons, the judgment of the district court is **VACATED** and **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit